**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff–Appellee,<br><br>v.<br><br>SHALON DAVANTE FREEMAN,<br><br>Defendant–Appellant. | No. 17-30133<br><br>D.C. No. 3:15-cr-00448-HZ-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernández, District Judge, Presiding

Submitted June 4, 2018[**]
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[***] District Judge.

Defendant-Appellant Shalon Freeman appeals the district court's denial of his motion to suppress evidence obtained during a traffic stop. Specifically,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Freeman argues that officers obtained this evidence by unlawfully prolonging the stop in violation of the Fourth Amendment. Reviewing the district court's denial of a motion to suppress *de novo*, and its factual findings for clear error, *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015), we affirm.

The district court found, *inter alia*, the following: Officers Sherwood and Hughes stopped Freeman for swerving. They approached the vehicle and asked Freeman for his license, registration, and proof of insurance. After Freeman failed to produce proof of insurance, Officer Sherwood returned to the police car to run a records check, while Officer Hughes remained with Freeman. The records check revealed that Freeman was on post-prison supervision and confirmed that the car he was driving was not registered to him and that its insurance had expired. Knowing that Freeman was an active gang member, that he had recently been shot at, and that they were in a known gang area, Officer Sherwood called for backup, suspecting that Freeman might have a gun.

Officer Hughes then returned to the police car to tell his partner that Freeman seemed nervous. The two officers then switched places; Officer Hughes remained at the police car to complete the records check and write the ticket, while Officer Sherwood went back to Freeman. As Officer Hughes worked on the ticket, two additional officers arrived, approximately five or six minutes into the stop. At this point, Officer Sherwood sought consent from Freeman to search the car. One

of the additional officers then saw that Freeman had a gun, and, approximately nine minutes after the stop began, Freeman was arrested.

Freeman argues that the officers, by seeking his consent to search the car, unlawfully prolonged the stop "beyond the time reasonably required to complete th[e] mission of issuing a ticket for the violation." *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015) (alteration in original) (quoting *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). In making this argument, Freeman assumes a different version of the facts than the one found by the district court. He claims that, contrary to the district court's findings, Officer Sherwood did not initiate a consent search *while* Officer Hughes continued to work on the ticket in the police car; rather, *both* officers left the police car to go search Freeman's car, thereby unlawfully prolonging the stop to investigate an unrelated crime.

The district court, however, did not clearly err in its findings. Though Freeman's version is supported by testimony from one of the backup officers, the district court's version is supported by testimony from both Officers Sherwood and Hughes. The district court ultimately believed Officers Sherwood and Hughes over the other officer, and such a credibility determination is afforded "special deference." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). Because "the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous, even if the reviewing court

3

would have weighed the evidence differently had it sat as the trier of fact." *United States v. Gust*, 405 F.3d 797, 799 (9th Cir. 2005) (quoting *SEC v. Rubera*, 350 F.3d 1084, 1093–94 (9th Cir. 2003)).

Under the facts found by the district court, the officers did not violate the Fourth Amendment. The police "may conduct certain unrelated checks during an otherwise lawful traffic stop," so long as they do not "do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Rodriguez*, 135 S. Ct. at 1615. And Officer Sherwood's seeking consent to search the car did not prolong the stop because he did so while his partner was still involved with "tasks tied to the traffic infraction." *Id.* at 1614. Specifically, because Freeman was on post-prison release, Officer Hughes testified that he still needed to contact Freeman's probation officer to check for outstanding warrants not yet in the police database, which Officer Hughes testified could take around fifteen minutes when conducted, as here, after hours. *See id.* at 1615 (explaining that the "mission" of the ordinary traffic stop typically includes "determining whether there are outstanding warrants against the driver"). Moreover, Officer Hughes needed to deal with Freeman's failure to provide proof of insurance; Officer Sherwood testified that they would not have been able to allow Freeman to drive away in an uninsured vehicle. Officer Sherwood's consent search therefore did not "measurably extend the duration of the stop." *Arizona v.*

4

*Johnson*, 555 U.S. 323, 333 (2009). Given the need to investigate potential outstanding warrants and address Freeman's lack of insurance, it was not the case here that all "tasks tied to the traffic infraction . . . reasonably should have been . . . completed" within nine minutes—the total time from stop to arrest. *Rodriguez*, 135 S. Ct. at 1614.

 **AFFIRMED.**